UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| JORDAN LEE SKALLAND, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 1:15 CV 307 |
|  | ) |  |
| JASON HUFFNAGLE, *et al.*, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## **OPINION AND ORDER**

Jordan Lee Skalland, a pro se prisoner, filed a complaint alleging that his Eighth Amendment rights were violated while he was housed in the Steuben County Jail on two occasions. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

The Federal Rules of Civil Procedure require a complaint to contain "a short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). Thus, it must contain sufficient factual matter to "state a claim

that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

      Here, Skalland alleges that when he was transferred from the Elkhart County Jail to the Steuben County Jail at mid-morning on June 2, 2015, he filled out a form listing his medications as Lexapro at bedtime and Buspar twice a day. It is unclear who saw that form, but he did not receive any medication that day. The next day he filled out another form with the same information. At lunch he spoke to an unknown nurse who told him that she was unable to reach the pharmacy, the Elkhart County Jail, or his doctor to verify his prescriptions. Later that day, he was transferred back to the Elkhart County Jail without having received any medication. Skalland is not specific, but

2

because the Buspar was to be taken twice a day, it appears that he missed the evening dose on June 2, and the morning dose on June 3. Because the Lexapro was to be taken at bedtime, it appears that he missed one dose of it on June 2.

"For a medical professional to be liable for deliberate indifference to an inmate's medical needs, he must make a decision that represents such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) (quotation marks and citations omitted). Based on this complaint, it does not appear that the defendant nurse was involved in his medical care until he spoke to her at lunch on the second day – after he had already missed his medication and shortly before he left the Steuben County Jail. As such, this complaint does not plausibly allege that she was the proximate cause of his having missed his medication on either of those days. "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). *See also Gayton v. McCoy*, 593 F.3d 610, 624 (7th Cir. 2010) (Liability attaches only where the defendant's action or omission is the proximate cause of the plaintiff's injury.). Moreover, to the extent that the complaint alleges that she tried and was unable to verify that he had been prescribed these medications, it was not deliberately indifferent for her to have declined to give them to him. Therefore these allegations do not state a claim against the nurse.

Skalland alleges that he was again transferred to the Steuben County Jail on September 23, 2015. That evening, he was placed in a cell without a mat. He does not

say who placed him in this cell and made him sleep directly on the concrete floor. Instead, he explains that he spoke to Captain Huffnagle about the situation the next day. Because he was transferred back to the Elkhart County Jail later that day, this complaint does not plausibly allege that Captain Huffnagle denied him a mat to sleep on. "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Moreover, even if Captain Huffnagle were responsible for making him sleep directly on the floor, being denied a mattress for only one night is insufficient to state an Eighth Amendment violation. *Chappell v. Mandeville*, 706 F.3d 1052, 1060 (9th Cir. 2013). Therefore these allegations do not state a claim against Captain Huffnagle.

Skalland also alleges that he asked Captain Huffnagle about his medication. In response, he was given a medical request slip and told that "We'll look into it." That afternoon the nurse came to see him. In medical cases, the United States Constitution is violated only when a defendant was deliberately indifferent to an inmate's serious medical needs. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted). Here the complaint has not provided any facts from which it could be plausibly inferred that Skalland was at serious risk of harm when he spoke to Captain Huffnagle. Moreover, there is no

4

indication that Captain Huffnagle was deliberately indifferent. He gave Skalland the necessary form and the nurse saw Skalland later that same day. Therefore these allegations do not state a claim against Captain Huffnagle.

Neither do they state a claim against the nurse. It appears that Skalland missed the evening dose of Buspar and Lexapro on September 23 as well as the morning dose of Buspar on September 24. Nevertheless, this complaint does not provide facts from which it can be plausibly inferred that any act or omission by the nurse caused this to happen. As before, she does not appear to be involved until after he missed his medication and only hours before he was transferred back to the Elkhart County Jail. Therefore these allegations do not state a claim against the nurse.

Though this complaint does not state a claim, because it is possible that Skalland has omitted relevant facts, he will be permitted to file an amended complaint if he has additional factual information to provide. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). In his amended complaint, if he files one, Skalland needs to set forth every claim he is trying to bring in this case. He needs to provide all the relevant facts. He needs to explain what injuries he sustained. Finally, he would need to provide a USM-285 form for each defendant. Alternatively, if he has no additional claims or relevant facts to submit for consideration, he need not respond to this order, but the complaint will then be subject to dismissal for failure to state a claim.

For these reasons, the court:

(1) **DIRECTS** the clerk to place this cause number on a blank Prisoner Complaint 42 U.S.C. § 1983 form and send it to Jordan Lee Skalland;

5

(2) **GRANTS** Jordan Lee Skalland until March 30, 2016, to file an amended complaint; and

(3) **CAUTIONS** Jordan Lee Skalland that if he does not respond by that deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim.

**SO ORDERED.**

Date: February 22, 2016

<ins> s/ James T. Moody</ins>
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT